# CHARLESTON.

## STATE vs. PEARIS.

Submitted June 17, 1891.—Decided November 21, 1891.

1. CRIMINAL PROCEEDINGS—INDICTMENT.

The latter clause of section 10, c. 5, Code, reads: "And if any person, whether a candidate or not, offer, give, or distribute any intoxicating drink to any voter on the day of an election, he shall forfeit not less than ten, nor more than fifty, dollars." *Held* that, in an indictment based on this section of the statute, it being charged that the person to whom the intoxicating drink was given was a legally qualified voter, it is not necessary to state the facts constituting such person a qualified voter.

2. CRIMINAL PROCEEDINGS—INDICTMENT—SCIENTER.

In such indictment it is not necessary to allege any special criminal intent, but the *scienter*, or general criminal intent, that is, that the accused knowingly and wilfully did the unlawful act, is sufficient.

3. CRIMINAL PROCEEDINGS—SPECIAL JURY.

The offence here charged, being a misdemeanor, is not within the meaning of the term "civil case," as used in section 21, c. 116, Code, and therefore the accused was not entitled to a special jury.

4. CRIMINAL PROCEEDINGS—CHALLENGE.

But under section 17, c. 116, the accused was entitled to challenge four jurors peremptorily, and this having been refused, the judgment and verdict are set aside, and a new trial is awarded.

*D. E. Johnston* for plaintiff in error, cited Code, c. 5, s. 10; 1 Bish. Crim. Pro. § 627; 1 Snead 63; Code, c. 116, s. 17; 15 W. Va. 362; 1 Bish. Crim. L. § 247.

*Attorney-General Alfred Caldwell* for the State, cited 15 W. Va. 364; 31 W. Va. 124; 30 Am. Rep. 617; 98 Mass. 6; 41 N. J. Law 552; 47 Ark. 109; 63 Ind. 551; 138 Mass. 492; Id. 511; 88 Ind. 145; 23 Minn. 549; 35 Mo. App. 475; 57 Conn. 173; 12 Ill. App. 200; 36 Ark. 58; 38 Am. Rep. 24; 37 Ark. 108; Id. 399; 27 Minn. 153; 92 Ill. 400; 49 Ia. 650; 43 Ia. 282; 6 Bush 400; 24 Wis. 60; 69 Ill. 523; 77 Ill. 322; 69 Ill. 601; 50 Ind. 22.

HOLT, JUDGE:

On the 12th of March, 1889, the grand jury of the Circuit Court of Mercer county found an indictment against George W. Pearis, founded on the latter clause of section 10, c. 5, Code (2d Ed.) 1891, p. 95. The whole section is as follows:

"If any person who is a candidate for any office under the constitution and laws of this State shall, himself or by another, offer to give or distribute among the voters any intoxicating drink on the day of the election, he shall, if elected, forfeit his office, and on proof of the fact be removed therefrom; and if any person, whether a candidate or not, offer, give, or distribute any intoxicating drink to any voter on the day of an election, he shall forfeit not less than ten, nor more than fifty, dollars."

The indictment was demurred to, and the demurrer was overruled. This is one of the errors complained of, and I give the indictment in full:

"State of West Virginia, Mercer county, to wit: The grand jurors of the State of West Virginia, in and for the body of the county of Mercer, upon their oaths present that on the 6th day of November, 1888, in the said county of Mercer and State of West Virginia, at an election then and there held in said county for the election of State, county, and district officers, under the laws of the State of West Virginia, George W. Pearis did then and there, to wit, in the said county of Mercer, on the 6th day of November, 1888, wilfully, wrongfully, knowingly, and unlawfully give to one Joseph R. Johnston an intoxicating drink, the said Joseph R. Johnston being then and there a legally qualified voter, against the peace and dignity of the State. J. W. Hale, Prosecuting Attorney. Found upon the evidence of Joseph R. Johnston.

It is alleged on the part of defendant that this indictment is bad, because, in averring that Joseph R. Johnston is a qualified voter, it charges only the legal result of certain facts, whereas it should charge the facts out of which the legal result arises, that is, the facts showing that Johnston was a qualified voter; and that it fails to charge the wrongful or criminal intent, without which the offence does not exist.

In this offence no special criminal intent is necessary. All that is needed is the averment of the *scienter*—the general criminal intent—and that this indictment contains— "wilfully" and "knowingly" did the act which the statute forbids; and the defendant being conclusively presumed to know the law, the only criminal intent needed is both alleged and proved.

As to the other objection, this indictment follows the language of the statute in describing the offence, and, in alleging that it was committed, fully, directly and expressly states without any uncertainty or ambiguity all the essential facts of time, place, person and other circumstances, so as to fix the instance given as a definite and particular violation of the statute. It alleges that Johnston, to whom the intoxicating drink was given, was a legally qualified voter, which for this purpose is a matter of fact, although his right to vote is made by law to depend on the existence of quite a number of facts. Any other rule would require the allegation that he was a male citizen of the state *etc.*, (section 1, art. IV, Const. W. Va.) and here we would be where we started; for citizen or not a citizen is in the same sense also a question of law and fact. All facts with which the law deals are more or less complex, involving matters of law, and such a mode of separation of law from fact would involve us in an endless maze of averments, confusing and perplexing the accused, rather than giving him notice of the accusation. If this had been an indictment against Johnston for illegal voting, then it might be necessary to state the precise facts which disqualified him. *Pearce* v. *State*, 1 Sneed 63.

We think the indictment good, and the demurrer properly overruled. The defendant was not entitled to a special jury, for section 21, c. 116, Code, p. 778 (Ed. 1891) allows a special jury in civil cases only; but by the seventeenth section of chapter 116 he did have the right to challenge four jurors peremptorily. *State* v. *Railroad Co.*, 15 W. Va. 364. This the Circuit Court denied him; and for this cause the judgment and verdict must be set aside, and a new trial awarded, and the cause is remanded.

REVERSED.   REMANDED.