304 S.E.2d 39

**Charles E. FLUHARTY, et al.**

v.

**John A. WIMBUSH, et al.**

No. 15539.

Supreme Court of Appeals of West Virginia.

March 30, 1983.

Rehearing Denied July 5, 1983.

Monty L. Preiser and E. Dixon Ericson, Preiser & Wilson, Charleston, for appellants.

W.E. Mohler, Charleston, for appellees.

PER CURIAM:

Charles E. and Juanita M. Fluharty, husband and wife, and their daughter Charlene sued defendant appellees for negligently operating a tractor-trailer truck causing a collision on U.S. Route 35 near Winfield, Putnam County, West Virginia. Both defendants denied the allegations and counterclaimed, contending that the negligence of Charlene Fluharty, who was driving the family car when the collision occurred, was the sole proximate cause of the accident.

At the conclusion of the evidence, the jury returned a verdict finding defendant Wimbush, the driver of the tractor-trailer, only 15% negligent while Charlene Fluharty was 85% at fault in proximately causing the collision. Verdicts of $40,000 and $10,000, respectively, were returned in favor of the defendant trucking company and its truck driver against Charlene and Charles Fluharty. The verdicts were reduced to $34,000 and $8,500 by the 15% negligence attributable to the defendants. The jury also found for Juanita and Charles Fluharty in the sum of $5,000 and $1,000, respectively. The trial court entered judgment on the jury verdicts and thereafter denied appellants' motion for a new trial. This appeal followed.

We shall address appellants' eight assignments of error to the extent that they warrant discussion. They first contend that the trial court refused to permit adequate, meaningful *voir dire*, and thereby denied them their right to select a fair and impartial jury. They point principally to the fact that the trial court itself conducted the *voir dire* examination without participation by counsel other than through the submission of written *voir dire* questions to the court; that the jury panel was examined as a group rather than individually; and that the trial court informed the jury panel that the *voir dire* questions were

posed by appellants. Appellants urge us to formulate guidelines on the scope of *voir dire* examination in civil cases.

■ We decline the invitation to formulate more detailed standards regulating *voir dire* and find that the trial judge did not unduly limit *voir dire* examination or misbehave during the *voir dire*. A trial court judge has broad discretion to conduct a *voir dire*, W.Va.Code, 56–6–12, utilizing any procedure that will better determine the impartiality of jurors and permit intelligent and meaningful peremptory challenges. *See*, Syl. pt. 2, *State v. Pendry*, 159 W.Va. 738, 227 S.E.2d 210 (1976). A trial judge's discretion about the scope of *voir dire*, however, is not boundless. Recently, in syllabus point 5 of *State v. Peacher*, 167 W.Va. 540, 280 S.E.2d 559 (1981), we stated:

> "It is an abuse of discretion and reversible error for a trial judge, in the exercise of his discretionary control over the scope of inquiry during *voir dire*, to so limit the questioning of potential jurors as to infringe upon litigant's ability to determine whether the jurors are free from interest, bias or prejudice, or to effectively hinder the exercise of peremptory challenges."

■ A review of this transcript completely belies appellants' contention that they were prejudiced by the trial judge's conduct of the *voir dire*. He examined the jury panel to determine if any juror had an interest in the case, was biased or prejudiced, or had formed an opinion about the case, and did not refuse any *voir dire* question that was reasonably calculated to determine whether the jurors were impartial. There was no refusal to permit a more probing inquiry of a panel member who had expressed possible bias or prejudice. *See, State v. Peacher*, 167 W.Va. 540, 280 S.E.2d 559 (1981); *State v. Pratt*, 161 W.Va. 530, 244 S.E.2d 227 (1978).

Those questions he refused were either improper or were not material to the case. While the trial judge did advise the panel that the *voir dire* questions were asked at appellants' counsel's request, the record clearly does not reveal that this disclosure was prejudicial. Further, counsel did not object when the *voir dire* procedures were outlined by the judge in chambers.

■ Appellants' next two assignments challenge the admissibility of the investigating state trooper's testimony and the propriety of the judge's comments denying their motion to strike that testimony. Appellants' argument that the trooper was improperly allowed to give opinion evidence warrants little discussion. During direct examination the trooper expressed no opinion about where on the highway the accident occurred, and thus it was not necessary for the defense to qualify him as an expert. The jury was properly instructed that any map made or conclusion drawn by the trooper about where on the highway (which lane) the accident occurred, was inadmissible and should be disregarded. The jury was told that the trooper could testify only about his observations, and it was for them to decide where the accident happened. The trooper only testified concerning matters about which he was specifically competent.

If there was any error in the admission of opinion evidence by the trooper, it occurred on re-direct examination and was invited by appellant's vigorous cross-examination about the content of his accident report and his inability to offer an expert opinion on the point of impact. Furthermore, when the trooper's testimony is considered in light of the trial judge's instructions to the jury and the evidence in the case, particularly the physical evidence showing the nature and extent of the damage to the vehicles, the officer's testimony appears not to have been critical to the liability question.

■ At the conclusion of the trooper's testimony, appellants moved to strike all of it as incompetent opinion evidence from a non-expert. The trial court in denying the motion remarked that the state trooper was well qualified and trained in the field of accident investigation. Appellants contend that this isolated remark by the trial judge is sufficient grounds, standing alone, to warrant reversal.

Although it is improper and may be reversible error for a trial judge to comment on the credibility of a witness or the weight to be given to evidence, *see, e.g., McDonald v. Beneficial Standard Life Insurance Co.*, 160 W.Va. 396, 235 S.E.2d 367 (1977), the trial judge's remark was not impermissible comment but rather an expression of the legal basis for his ruling. "It is not improper for a trial judge to express in the presence and hearing of the jury the mere legal basis of his ruling upon an objection to the admissibility of particular evidence." Syl. pt. 3, *Ellison v. Wood & Bush Co.*, 153 W.Va. 506, 507, 170 S.E.2d 321 (1969). In any event the judge's statement is not reversible error.

Appellants next assert that the court erred in denying their motion for a new trial based on newly-discovered evidence. Two affidavits were obtained after the trial: the first was from a tow-truck driver, indicating that the only eyewitness called by the defense had made a prior inconsistent statement about who was at fault. The second affidavit, from a newspaper reporter, also bears on the credibility of the defense eyewitness by showing he could not have driven over the Silver Bridge in Point Pleasant, West Virginia, shortly before the accident as he testified, because the bridge, to best of the reporter's knowledge, was closed to traffic that day.

 A motion for a new trial based on after-discovered evidence is seldom granted and the circumstances must be unusual or special to warrant a grant. Syl. pt. 9, *State v. Hamric*, 151 W.Va. 1, 151 S.E.2d 252 (1976). The standard was restated in syllabus point 2 of *State v. Stewart*, 161 W.Va. 127, 239 S.E.2d 777 (1977):

"A new trial on the basis of newly-discovered evidence will generally be refused when the sole object of the new evidence is to discredit or impeach a witness on the opposite side. However, when the newly-discovered impeachment evidence comes within the following rules, a new trial will be granted: (1) The evidence must appear to have been discovered since the trial, and, from the affidavit of the new witness, what such evidence will be, or its absence satisfactorily explained. (2) The facts must appear in his affidavit that the party was diligent in ascertaining and securing his evidence, and that the new evidence is such that due diligence would not have secured it before the verdict. (3) The evidence must be new and material, and not merely cumulative. (4) The evidence must be such as ought to produce an opposite result at a second trial on the merits."

*See also, State v. Nicholson*, 170 W.Va. 701, 296 S.E.2d 342 (1982); *Halstead v. Horton*, 38 W.Va. 727, 18 S.E. 953 (1894).

 The trial court did not err in denying the motion because the requirements of the *Stewart* test were not satisfied. First, the new evidence would only impeach credibility. Second, given the defendant truck driver's testimony and the physical facts surrounding the accident, we cannot say, any more than could the trial judge, that the newly-discovered evidence could change the trial result.

Appellants other remaining assignments warrant little discussion. The evidence justified defendant's sudden emergency instruction. The verdict against Charlene Fluharty, makes it unnecessary to decide whether the judge should have admitted testimony about her lost earnings.

For the foregoing reasons, the judgment of the Circuit Court of Kanawha County is affirmed.

Affirmed.