324 S.E.2d 148

**Fred B. BARKER**

v.

**BENEFIT TRUST LIFE INS. CO., etc.**

**No. 16093.**

Supreme Court of Appeals of West Virginia.

Dec. 19, 1984.

Joseph R. Martin, Cooper & Martin, Sutton, for appellant.

W.E. Mohler, Charlston, for appellee.

McHUGH, Chief Justice:

This action is before this Court upon the appeal of Benefit Trust Life Insurance Company, the appellant and defendant below, from a final order of the Circuit Court of Braxton County, West Virginia, in which that court awarded Fred B. Barker, the appellee and plaintiff below, compensatory damages in the amount of $8,500 upon a claim of libel; reimbursement for hospital and physician expenses under a medical insurance policy; and, $12,500 in punitive damages for the failure of the appellant to reimburse the appellee under a medical insurance policy for hospital and physician expenses emanating from the hospitalization of the appellee.

The appellant assigns a number of errors on the part of the circuit court including its rulings on the admissibility of evidence, its failure to grant the appellant's various motions and its giving of certain instructions to the jury. Only one of them has merit. The appellant asserts that the circuit court erred, when, after setting aside a default judgment and granting the appellant's request for trial by jury, the appellant was not afforded *voir dire* examination of the prospective jurors. Nor was it permitted to exercise its peremptory challenges of those jurors.[1]

It should be noted at the outset that neither party demanded in writing a trial by jury under the provisions of *W.Va.R. Civ.P.* 38(b),[2] therefore, under *W.Va.R. Civ.P.* 38(d),[3] both parties had waived their rights to a trial by jury when the proceedings commenced on September 7, 1982. The issue presented to this Court is whether the appellant was entitled to *voir dire* and peremptory challenges of the prospective jurors once the circuit court set aside the default judgment and granted the appellant's request for trial by jury under *W.Va.R.Civ.P.* 39(b).[4] We answer this question in the affirmative.

In March, 1981, the appellee filed a complaint against the appellant in the Circuit Court of Braxton County, West Virginia, to recover the expenses incurred for hospital treatments and for alleged libelous statements published against the appellee in a letter in which the appellant refused to pay medical benefits under an insurance policy. Neither party demanded a trial by jury in the pleadings.

1. The right to trial by jury in civil cases is found in article III, section 13 of the Constitution of West Virginia which provides: "In suits at common law, where the value in controversy exceeds twenty dollars exclusive of interest and costs, the right of trial by jury, if required by either party, shall be preserved...." In addition, Rule 38(a) of the West Virginia Rules of Civil Procedure provides that "[t]he right of trial by jury as declared by the Constitution or statutes of the State shall be preserved to the parties inviolate."

2. *W.Va.R.Civ.P.* 38(b) provides:

*Demand.*—Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party.

3. *W.Va.R.Civ.P.* 38(d) provides:

*Waiver.*—Subject to the provisions of Rule 39(b), the failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury. A demand for trial by jury made as herein provided, or a timely motion or request pursuant to Rule 39(b), may not be withdrawn over the objection of any party appearing at the hearing or trial.

4. *W.Va.R.Civ.P.* 39(b) provides:

*By the court.*—Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court upon motion or request made not later than the placing of the action on the trial calendar shall, or of its own initiative may at any time, order a trial by a jury of any or all such issues.

Trial was scheduled for September 7, 1982. When court convened at 9:00 a.m. on September 7, 1982, neither a representative of the appellant nor the appellant's counsel were present. The proceedings were recessed while the appellant's counsel was telephoned to ascertain his whereabouts. Because the trial judge believed that no representative of the appellant was going to appear, the circuit court granted the appellee's motions for a default judgment and the impanelling of a jury for inquiry into the issue of damages. The appellee waived *voir dire* and the court impanelled the first 12 jurors that were called. The circuit court thereafter informed the jury that inasmuch as "the Court has awarded judgment of liability in favor of the plaintiff in this case * * * your inquiry will be limited to the issue of the amount of damages." The hearing on the issue of damages was continued until the following morning and the remainder of the jury panel was dismissed until the next term of the circuit court.

The record indicates that the proceedings again convened at 9:37 a.m. on that same morning with the appellant's counsel present. The appellant's counsel admitted fault for his late arrival stating that he was under the impression that the proceedings were not scheduled to begin until 9:30 a.m. The appellant moved the court to set aside the default judgment and further requested a trial by jury. The circuit court eventually set aside the default judgment, however, the circuit court, over the appellant's objections, ordered that the trial on the merits proceed the following morning with the jury that had previously been selected to decide the issue of damages. The proceedings reconvened the following morning at which time the court informed the jury that it had set aside the default judgment and that the jury would decide the issues of liability and damages.

■ It is fundamental that once a party secures a trial by jury there is a further requirement that the jury be "impartial and unbiased." This Court stated in *Carpenter v. Hyman*, 67 W.Va. 4, 6, 66 S.E. 1078, 1079 (1910):

It is the right of every litigant in cases tried before a jury to have an impartial and unbiased panel. To this end, he has the right to ascertain the fitness of the jurors called, by an examination within the scope of that provided by our statute on this subject.

As we further noted in *Thornton v. CAMC*, 172 W.Va. 360, 305 S.E.2d 316, 319 (1983), "[a] fair and impartial trial ... requires a fair and impartial jury...." *See State v. Peacher*, 167 W.Va. 540, 280 S.E.2d 559, 569 (1981).

In *Darbin v. Nourse*, 664 F.2d 1109, 1112–13 (9th Cir.1981), the United States Court of Appeals for the Ninth Circuit stated that "[t]he *voir dire* examination plays a critical role in securing the right to an impartial jury in civil, as well as criminal, trials." *See also Fietzer v. Ford Motor Co.*, 622 F.2d 281, 284 (7th Cir.1980). *See generally* 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2482 (Supp. 1983).

We held in syllabus point 1 of *Thornton v. CAMC, supra*, quoting *West Virginia Human Rights Commission v. Tenpin Lounge, Inc.*, 158 W.Va. 349, 355, 211 S.E.2d 349, 353 (1975):

*Voir dire* examination is designed to allow litigants to be informed of all relevant and material matters that might bear on possible disqualification of a juror and is essential to a fair and intelligent exercise of the right to challenge either for cause or peremptorily. Such examination must be meaningful so that the parties may be enabled to select a jury competent to judge and determine the facts in issue without bias, prejudice or partiality.

*See also State v. Ashcraft*, 172 W.Va. 640, 309 S.E.2d 600, 608 (1983); *State v. Williams*, 172 W.Va. 295, 305 S.E.2d 251, 263 (1983); *Fluharty v. Wimbush*, 172 W.Va. 134, 304 S.E.2d 39, 41 (1983); *State v. Pendry*, 159 W.Va. 738, 745–46, 227 S.E.2d 210, 216 (1976), *overruled, in part, on other grounds, Jones v. Warden, West Virginia Penitentiary*, 161 W.Va. 168, 241 S.E.2d 914, *cert. denied*, 439 U.S. 830, 99 S.Ct. 107, 58 L.Ed.2d 125 (1978); *State v. McMillion*, 104 W.Va. 1, 8, 138 S.E. 732, 735 (1927).

■ Similarly, a litigant's right to peremptory challenges of prospective jurors is considered necessary to secure an impartial and unbiased jury. *See generally* 9 C. Wright & A. Miller, *supra* at § 2483; 50 C.J.S. *Juries* § 280(b) (Cum.Supp.1984); 47 Am.Jur.2d *Jury* § 235 (Cum.Supp.1984). This Court has stated that "[t]he right to peremptory challenges is conferred by statute and undoubtedly it is reversible error to deny that right to a litigant entitled thereto." *Tawney v. Kirkhart*, 130 W.Va. 550, 561, 44 S.E.2d 634, 641 (1947); *see State v. Pearis*, 35 W.Va. 320, 13 S.E. 1006 (1891); *see also Swain v. Alabama*, 380 U.S. 202, 219, 85 S.Ct. 824, 835, 13 L.Ed.2d 759, 772 (1965); *Carr v. Watts*, 597 F.2d 830, 833 (2d Cir.1979).

*Voir dire* examination of prospective jurors by parties to civil litigation is procedurally controlled by Rule 47 of the West Virginia Rules of Civil Procedure. Subsection a of that rule provides as follows:

*Examination of jurors.*—The court may permit the parties or their attorneys to conduct the examination of prospective jurors or may itself conduct the examination. In the latter event, the court shall permit the parties or their attorneys to supplement the examination by such further inquiry as it deems proper or shall itself submit to the prospective jurors such additional questions of the parties or their attorneys as it deems proper.[5]

Furthermore, *W.Va.Code*, 56–6–12 [1931], provides:

Either party in any action or suit may, and the court shall on motion of such party, examine on oath any person who is called as a juror therein, to know whether he is a qualified juror, or is related to either party, or has any interest in the cause, or is sensible of any bias or prejudice therein; and the party objecting to the juror may introduce any other competent evidence in support of the objection; and if it shall appear to the court that such person is not a qualified juror or does not stand indifferent in the cause, another shall be called and placed in his stead for the trial of that cause. And in every case, unless it be otherwise specially provided by law, the plaintiff and defendant may each challenge four jurors peremptorily.

■ The scope of *voir dire* is generally within the discretion of the trial court and will not be disturbed upon review unless there is an abuse of that discretion. *Thornton v. CAMC, supra* at 319; syl. pt. 1, *Fluharty v. Wimbush, supra;* *State v. Harshbarger*, 170 W.Va. 401, 294 S.E.2d 254, 257 (1982); syl. pt. 5, *State v. Peacher, supra;* syl. pt. 2, *State v. Wilson*, 157 W.Va. 1036, 207 S.E.2d 174 (1974); syl. pt. 5, *Thornsbury v. Thornsbury*, 147 W.Va. 771, 131 S.E.2d 713 (1963); syl. pt. 4, *Henthorn v. Long*, 146 W.Va. 636, 122 S.E.2d 186 (1961); syl. pt. 2, *State v. Beacraft*, 126 W.Va. 895, 30 S.E.2d 541 (1944); syl. pt. 2, *Carpenter v. Hyman, supra.*

The appellee asserts that the trial court did not err when it set aside the default judgment and granted the appellant's request for trial by jury but refused the appellant *voir dire* and its statutory complement of peremptory challenges because the appellant had been tardy for the commencement of the proceedings. In that regard, the circuit court held as follows:

It is the Judgment and Order of the Court that the Order heretofore entered, granting a default judgment against the defendant on the issue of liability is set aside. It is further the Judgment however, of the Court that the defendant in failing to appear for trial at the time set on the day set, has by its negligence placed itself in the position where it cannot legitimately object to the trial of the case by the jury that has been impaneled to try the case, and it is the Judgment and Order of the Court that the case, Fred B. Barker versus Benefit Trust Life Insurance Company be and is hereby set for trial at nine a.m. on Wednesday, September 10, 1982.

■ As noted previously, neither party had demanded trial by jury pursuant to *W.Va.R.Civ.P.* 38(b) and, therefore, under

---

5. As a corollary see *W.Va.R.Crim.P.* 24.

the provisions of *W.Va.R.Civ.P.* 38(d), had initially waived the right to a jury when the trial was scheduled to commence at 9 a.m. on September 7, 1982. It was only after the late arrival of the appellant's counsel and upon his motions to set aside the default judgment and for a trial by jury that the circuit court denied the appellant's request for *voir dire* and peremptory challenges of the prospective jurors. Under these circumstances, it appears that the denial of *voir dire* to the appellant by the circuit court was a sanction for the late arrival of its counsel rather than a waiver of that right by the appellant. The appellant clearly objected upon the record to the circuit court's actions in this regard. Although the circuit court acted commendably by granting the appellant a trial by jury when it was not compelled to do so, it is clear that the circuit court erred after granting the appellant's request for trial by jury by denying the appellant the opportunity for an impartial and unbiased jury through *voir dire* examination and peremptory challenges of the prospective jurors.

■ Based upon the foregoing, we, therefore, hold that where a trial by jury has been secured by a party to litigation under *W.Va.R.Civ.P.* 38 or 39(b), a party to such litigation has a right to an impartial and unbiased jury; and, in order to insure that right, the party is entitled, in the absence of a waiver upon the record, to meaningful *voir dire* examination and peremptory challenges of the prospective jurors. *W.Va.R.Civ.P.* 47; *W.Va.Code,* 56–6–12 [1931].

Accordingly, the judgment of the Circuit Court of Braxton County is hereby reversed and this case is remanded to that court for further proceedings consistent with the principles contained in this opinion.

Reversed and remanded.