# CHARLESTON.

STATE *ex rel.* WALTER ANDERSON *v.* HONORABLE W. H. O'BRIEN, JUDGE.

Submitted April 15, 1924.   Decided April 29, 1924.

1.   JUDGMENT—*Default Judgment May be Set Aside for Errors Appearing on Record at Subsequent Term.*

Under section 5, chapter 134, Barnes' Code, 1923, the judge of a circuit court in vacation may, for errors appearing on the record, set aside a default judgment entered at the preceding term of his court.   (p. 354).

2.   PROHIBITION—*Rule as to Granting Writ to Prohibit Further Proceeding and to Avoid Order Vacating Judgment Stated.*

Upon petition to this court for a writ of prohibition directed

96 W. Va.

against the circuit court's further proceeding in the case and to avoid the vacation order, we will not presume that the circuit court exceeded its jurisdictional powers and that it went beyond the record, where defendant in his motion to set aside assigned and insisted upon grounds clearly appearing in the record. We must refuse the writ, though the circuit court erred in its judgment as to the legal merit of the errors assigned. (p. 356).

McGINNIS, JUDGE, absent.

Prohibition by the State, on the relation of Walter Anderson, and others, against Hon. W. H. O'Brien, Judge, and others.

*Writ refused.*

*Duncan W. Daugherty* and *Roscoe F. Walter*, for petitioners.
*James S. Wade, Abijah Hays* and *T. J. Sayre*, for respondents.

MEREDITH, PRESIDENT:

By order entered April 10, 1923, plaintiffs recovered a judgment by default in an action of ejectment in the circuit court of Jackson County. After the expiration of the term at which the judgment was entered, the court on motion of defendant, and acting in pursuance of sec. 5, ch. 134, Code, set aside the judgment in plaintiffs' favor, and awarded them a new trial. Application was made to this court for writ of error, which relief we refused, and plaintiffs are now seeking a writ of prohibition to prohibit the circuit court ''from proceeding further in the said ejectment case, or from taking any action to enforce the order entered therein setting aside petitioners' judgment, so that judgment of petitioners against the said William Young for the possession of the 78 29/100 acre tract of land and costs, will continue and remain in full force as if said order of the 19th day of June, 1923, had never been rendered.''

The argument upon which the petition for the writ is founded is based upon the premise that sec. 5, ch. 134, Code, only authorizes the vacating of a judgment after the term at which it is entered for errors apparent on the record. *Star Piano Company* v. *Burgner,* 89 W. Va. 475, 109 S. E.

491. By alleging that the court's order in this case was founded upon affidavits not part of the record in the trial of the case, plaintiffs arrive at their conclusion that the court exceeded its legitimate powers.

To understand plaintiffs' application of this reasoning, it is necessary to detail some of the circumstances of the case. Plaintiffs' judgment order recited the filing of the declaration and attached notice, and "that said defendant failing to appear and plead to said declaration and notice at said March Rules a rule was awarded the plaintiffs against the said defendant to appear and plead at the next rule day of this court which was held on the last Monday in March preceding the present term of this court, and that said rule was duly served upon the defendant." There followed recitals of defendant's default; the waiver of a jury by plaintiffs; the court's consideration of the declaration, notice and all evidence introduced in plaintiffs' behalf; and the adjudication of the matter in plaintiffs' favor.

Defendant gave notice to plaintiffs of his proposed motion to set aside the judgment, in which notice he asserted nine grounds for his action. The first and third objections refer to alleged irregularities in the service of process; the second to improper docketing; the fourth assignment denies the allegation of the judgment order that the "rule to plead" was served upon defendant; and the other assignments are all of general nature based on the record. Defendant also filed his affidavit in which he made oath that the brother of plaintiffs' counsel served the declaration on defendant; and that in doing so he assured defendant that the declaration did not amount to anything, and that by reason of such fraudulent deception defendant was led to believe that it was not important for him to appear in the proceeding.

Plaintiffs' return of service was amended, and the trial court in setting aside its former judgment entered an order in which it treated the amended return as if it were written upon the original declaration. It also recited the filing of the defendant's notice and motion to set aside the judgment for plaintiffs, the filing of several affidavits including the one alleging fraud and deception, to which we have referred, and

stated that upon consideration of the record, the motion to set aside and the affidavits filed, it was of opinion to set aside its former judgment and to award defendant a new trial.

Resting their argument upon their underlying proposition that the court could only set aside the judgment for errors upon the record, plaintiffs point out that as the court in its final order admitted that it considered matters raised extraneously by the defendant's affidavit relative to his being misled, therefore the judgment was beyond the authority of the court and is subject to attack by writ of prohibition. They submit that the mere fact that matters of record were raised by defendant and considered by the court does not preclude petitioners' writ against the exercise of excessive authority in considering matters outside the record.

In our judgment, a very brief argument will suffice to answer plaintiffs' position in this regard.

It must be clear from our statement of the case that there is no point raised here as to the circuit court's jurisdiction of the subject matter of this litigation. It had before it both the subject matter of the controversy and the parties whose interests were at stake. This being true, the only question is whether it exceeded its legitimate powers in respect to the issues raised. Plaintiffs claim that in going outside of the record it was guilty of such abuse. In an answer filed to the plaintiffs' petition, the circuit court calls attention particularly to the fact that there were nine grounds assigned for the setting aside of the judgment, and it denies the allegation in the petition that it "took into consideration the affidavit aforesaid and set aside the aforesaid judgment in favor of your petitioners, assigning as his ground the affidavit aforesaid." It is very plain to us, and the circuit court's answer sets out the fact, that there were important issues raised by defendant's motion which appeared directly upon the face of the record before it. One illustration will suffice. The original judgment order recites that a rule was awarded against defendant and duly served upon him. The record, however, discloses no memorandum indicating that such a rule was issued, nor any return showing that it was served.

As all necessary processes against the defendant are material parts of the record in appeals from default judgments, if, as defendant insists, it was necessary to serve such rule upon him, it is clear that the record should have affirmatively indicated such service by the inclusion therein of proper evidence of the return. Plaintiffs' position that it was necessary for defendant to crave oyer of such process has no application where the judgment is taken by default. *New Eagle Gas Coal Co.* v. *Burgess*, 90 W. Va. 541, 111 S. E. 508. Defendant argues here, and insisted in the circuit court, that the service of such a rule was essential to a default judgment against him. In determining that matter in defendant's favor, the court clearly acted within its proper province. Its decision of the question may or may not have been legally correct, but it had jurisdiction to render judgment, correct or erroneous, and its conclusions can not be attacked by prohibition. *Simmons* v. *Yoho*, 92 W. Va. 703, 115 S. E. 851.

We should not be asked to assume, without evidence, that the circuit court in this case went out of its way to decide matters *aliunde* the record, and without its proper purview, when issues clearly raised upon the record were embraced in its judgment. As stated above, its conclusion may or may not have been right, but having jurisdiction it plainly had the right to rule on defendant's motion.

As plaintiffs will have ample opportunity on a new trial to prove the merits of their case, our refusal of this writ will work but little hardship on them, whereas, if we should grant it, defendant would be without recourse.

*Writ refused.*