674 So.2d 212 (1996)
BARON AUCTIONEER, INC. and Aaron Leventhal, Appellants,
v.
Darryl L. BALL, Appellee.
No. 93-2548.
District Court of Appeal of Florida, Fourth District.
June 5, 1996.
*213 Kenneth N. ReKant, P.A., Miami Beach, for appellants.
Mark S. London of Law Offices of Mark S. London, P.A., Hollywood, for appellee.
SHAHOOD, Judge.
Appellee, Darryl Ball ("Ball"), brought a breach of contract action against appellants, Baron Auctioneers, Inc. ("Baron"), and Aaron Leventhal ("Leventhal"), seeking damages for breach of a personal property auction agreement wherein appellants agreed to advertise, promote and conduct an auction of certain of Ball's personal property. Ball's complaint contained three counts and included a demand for jury trial of all issues.
Early in the proceeding, appellants' first attorney withdrew pursuant to agreed order, and their second attorney was substituted. A notice of non-jury trial was sent to appellants' counsel on January 29, 1993, calendar call was held on May 24 setting trial for May 26, and Ball's pre-trial compliance was duly forwarded to appellants' counsel. On May 24, appellants' second attorney filed a Motion to Withdraw for medical reasons.
A non-jury trial of the matter took place on May 26, 1993, and neither appellants, nor their counsel appeared, although appellants' second counsel apparently called the judge prior to the hearing and asked that it be postponed to allow appellants to employ substitute counsel. The court proceeded with the hearing and ultimately entered final judgment in favor of Ball ordering appellants to pay Ball $44,900 in compensatory damages and $50,000 in punitive damages. Appellants filed a motion for rehearing on the basis that the complaint contained a request for jury trial and that neither party had consented to the request being withdrawn. The court denied the motion.
Since the court reporter's notes from the hearing were stolen, the trial court provided a short statement of the proceedings noting that the first and only time appellants' second counsel ever requested a continuance was immediately prior to commencement of the proceedings. According to the court, counsel requested the continuance on the basis that he did not know about the trial; he never raised any objection to having a non-jury trial. The court acknowledged that the judicial assistant mailed proper notice to all parties involved, and that "an unidentified person appeared on behalf of the Defendant at calendar call."
On appeal, appellants raise five issues. First, they claim error in the trial court's holding a non-jury trial of the matter without a waiver from either party. Second, they contend the trial court erroneously denied their motion for continuance. Third, appellants maintain it was error to award Ball punitive damages. Fourth, they argue that it was error to hold Leventhal individually liable for Baron's sins. Finally, appellants claim error in the trial court's grant of attorney's fees and costs to Ball.
We agree that it was error for the trial court to conduct a non-jury trial. Rule 1.430(d), Fla.R.Civ.P., governs waiver of jury trial and states in pertinent part:
(d) Waiver. A party who fails to serve a demand as required by this rule waives *214 trial by jury. If waived, a jury trial may not be granted without the consent of the parties, .... A demand for trial by jury may not be withdrawn without the consent of the parties.
(emphasis supplied). In consideration of the right to jury trial guaranteed by Florida's constitution, Florida courts have interpreted Rule 1.430(d) to require an affirmative act in order to waive a jury trial once it has been requested, regardless of who makes the demand. Curbelo v. Ullman, 571 So.2d 443 (Fla.1990); Barth v. Florida State Constructors Service, Inc., 327 So.2d 13 (Fla.1976); Barge v. Simeton, 460 So.2d 939 (Fla. 4th DCA 1984). The fact that a party participates in a non-jury trial without raising an objection constitutes waiver of the right to jury trial, see Martin v. Ullman, 555 So.2d 1232 (Fla. 3d DCA 1989), rev. denied, 564 So.2d 487 (Fla.1990), but failure to answer or otherwise plead does not constitute waiver absent some affirmative act. Curbelo, 571 So.2d at 444. Even when a party fails to show up for trial or a default is entered against him, said party is entitled to a jury trial on damages absent a valid waiver. Barge, 460 So.2d at 940.
In the instant case, Ball initially requested a jury trial. There was no subsequent waiver by either party of the right to a jury trial. Since neither Baron nor Leventhal actively participated in the trial or otherwise affirmatively waived the right to a jury trial, Curbelo, Barth, and Barge mandate that this cause be reversed and the matter tried before a jury.
Since we reverse and remand for a jury trial, the propriety of the trial court's ruling regarding appellants' motion for continuance is moot. We write, however, only to note that while the trial court has absolute discretion regarding motions to continue, we consider it an abuse of that discretion to deny such a motion when it is based on the withdrawal of a party's attorney for valid medical reasons within a few days of the trial. See generally Abuznaid v. Sirhal, 638 So.2d 188 (Fla. 4th DCA 1994); Hub Finan. Corp. v. Olmetti, 465 So.2d 618, 619 (Fla. 4th DCA 1985).
In light of our decision, we reverse the punitive damages award and direct the court to address that issue after a hearing on appellants' motion to strike or other appropriate motion. We reverse also the award of attorney's fees and costs, and direct the court to reconsider that issue following the jury trial. We decline to address Leventhal's individual liability as there is insufficient record of the trial proceeding to enable us to properly address that issue. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).
STONE, J. and SORONDO, RODOLFO, Jr., Associate Judge, concur.