979 So.2d 343 (2008)
Harry SHASHO, Appellant,
v.
EURO MOTOR SPORT, INC., a Florida corporation, and Gene Morales, individually, Appellees.
No. 4D07-3243.
District Court of Appeal of Florida, Fourth District.
April 9, 2008.
*344 Mark A. Hruska of Schwartz & Horwitz, PLC, Boca Raton, for appellant.
Justin C. Fineberg of Lash & Goldberg LLP, Miami, and Mark D. Cohen of Mark D. Cohen, P.A., Hollywood, for appellees.
SHAHOOD, C.J.
Appellant, Harry Shasho, appeals from the final judgment in favor of Gene Morales and Euro Motor Sport, Inc., in their defamation action against him. We reverse and remand because appellant never affirmatively consented to a non-jury trial after appellees demanded one in their original complaint.
Appellant is part owner of an auto shop involved in the resale of classic automobiles. Gene Morales is owner and president of Euro Motor Sport, Inc., a corporation in the business of selling new and used luxury motor vehicles. Morales and Euro Motor Sport entered into a contract with appellant for the sale of a used Lamborghini. A dispute later arose between the parties to the contract regarding the condition and repair of the automobile. Appellant allegedly set up a website that defamed Morales and Euro Motor Sport.
Morales and Euro Motor Sport filed a complaint against appellant. The complaint alleged four separate causes of action: libel per se, tortious interference with advantageous business relationships, tradename and trademark infringement, and a request for temporary injunctive relief to enjoin appellant from any further defamatory publication. Each count contained *345 a "WHEREFORE" clause at the end requesting relief. The "WHEREFORE" clauses at the end of each of counts I-III demanded judgment against appellant for damages and injunctive relief, and did not request jury trial within the count. The "WHEREFORE" clause at the end of Count IV, unlike the other "WHEREFORE" clauses, was set apart from the preceding text by several blank lines. It demanded "trial by jury on all issues so triable," and demanded that appellant be enjoined from further defamatory publication. The civil cover sheet filed with the complaint indicated that the plaintiffs demanded jury trial. Plaintiffs later filed an amended complaint that dropped the jury demand from the "WHEREFORE" clause at the end of Count IV.
Appellant failed to file a responsive pleading. Appellees moved for default and the clerk later entered default against appellant. The trial court ordered the case referred to a general magistrate for a thirty-minute non-jury trial on the issues of unliquidated damages and injunctive relief. There was no court reporter present at the hearing, and the record does not contain a transcript. Appellant was not present at the hearing. Following the hearing, the general magistrate issued her report finding in favor of appellees. The magistrate found that the appellees were entitled to $60,000 per month in damages, for a total of $1,200,000.
Appellant argues in this appeal that he never waived his right to jury trial after plaintiffs requested it in their original complaint, and therefore the trial court's order referring the matter for non-jury trial on damages violated his constitutional right to jury trial and rule 1.430(d), Florida Rules of Civil Procedure.
Rule 1.430(d), Florida Rules of Civil Procedure, states:
(d) Waiver. A party who fails to serve a demand as required by this rule waives trial by jury. If waived, a jury trial may not be granted without the consent of the parties. . . . A demand for trial by jury may not be withdrawn without the consent of the parties.
In Baron Auctioneer, Inc. v. Ball, 674 So.2d 212, 213 (Fla. 4th DCA 1996), the plaintiff's complaint for breach of contract included a demand for jury trial of all issues. Despite the demand, a non-jury trial later took place that neither the defendants nor their counsel attended. 674 So.2d at 213. The court entered final judgment in favor of the plaintiffs. Id. On appeal, the defendants argued the trial court had erred in holding a non-jury trial since neither party had waived their demand for jury trial. Id. This court agreed:
In consideration of the right to jury trial guaranteed by Florida's constitution, Florida courts have interpreted Rule 1.430(d) to require an affirmative act in order to waive a jury trial once it has been requested, regardless of who makes the demand. The fact that a party participates in a non-jury trial without raising an objection constitutes waiver of the right to jury trial, . . . but failure to answer or otherwise plead does not constitute waiver absent some affirmative act. Even when a party fails to show up for trial or a default is entered against him, said party is entitled to a jury trial on damages absent a valid waiver.
Id. at 214 (internal citations omitted).
In the present case, appellees made the jury trial demand in their original complaint. "Regardless of who makes the demand, once made it cannot be withdrawn without the consent of all parties." Barge v. Simeton, 460 So.2d 939, 940 (Fla. 4th DCA 1984). "When a jury trial has been requested by the plaintiff, the defendant is still entitled to a jury trial on the *346 issue of damages even though a default has been entered against the defendant for failure to answer or otherwise plead." Curbelo v. Ullman, 571 So.2d 443, 444 (Fla.1990).
Appellant never consented to withdrawal of the jury trial demand. The failure to participate in the proceedings cannot be construed as an affirmative waiver of the right to jury trial. "To constitute a waiver of the existing demand for jury trial the Supreme Court of Florida has held there must be affirmative action on the part of a party." Barge, 460 So.2d at 940; see also Curbelo, 571 So.2d at 444.
Appellees argue that each count of the original complaint had its own "WHEREFORE" clause requesting the relief sought as to that count, and the scope of the jury trial demand at issue only pertained to Count IV since it came at the end of that count. Appellees continue on from that premise to argue that the demand was a legal nullity since Count IV was an equitable count for which no jury trial is available anyway. See 381651 Alberta, Ltd. v. 279298 Alberta, Ltd., 675 So.2d 1385 (Fla. 4th DCA 1996). Appellees attempt to distinguish Baron Auctioneer and Barge accordingly on the basis that those cases involved jury trial demands that applied to all counts of a complaint.
Rule 1.430(c), Florida Rules of Civil Procedure, states:
(c) Specification of Issues. In the demand a party may specify the issues that the party wishes so tried; otherwise, the party is deemed to demand trial by jury for all issues so triable. If a party has demanded trial by jury for only some of the issues, any other party may serve a demand for trial by jury of any other or all of the issues triable by jury 10 days after service of the demand or such lesser time as the court may order.
We disagree with appellees' contention that the demand for jury trial applied only to Count IV. Although the clause demanding jury trial was placed at the end of Count IV, this was also the end of the complaint. The larger space between the text preceding the "WHEREFORE" clause and the actual clause itself indicates its separation from the body of Count IV and application to all counts. The fact that the demand for jury trial came at the end of a count for which jury trial is unavailable supports our conclusion that the demand for jury trial applied to "all issues so triable" in the entire complaint. We note that "[t]he better practice is to demand a jury trial in each count or at the end of the complaint with the notation that the demand applies to all counts." C & C Wholesale, Inc. v. Fusco Mgmt. Corp., 564 So.2d 1259, 1261 (Fla. 2d DCA 1990). Finally, appellees clearly indicated they sought jury trial in the civil cover sheet filed with the original complaint.
In the reverse situation to this case, Florida courts of appeal have accepted the argument that a jury demand located in one count should apply to all counts of a complaint where the demand was not specifically limited, see Jerome v. William A. Reid Constr. Ltd., 307 So.2d 248, 249 (Fla. 4th DCA 1975), or where the counts at issue were based on the same factual scenario as the one for which jury trial was clearly demanded. C & C Wholesale, Inc. v. Fusco Mgmt. Corp., 564 So.2d 1259, 1261 (Fla. 2d DCA 1990).
We therefore reverse the final judgment and remand for jury trial on the issue of damages.
Reversed and Remanded.
*347 POLEN and MAY, JJ., concur.