736 S.E.2d 26

Victoria DRUMHELLER,
et al., Petitioners

v.

James and Diane .FILLINGER,
Respondents.

No. 11–0681.

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 19, 2012.

Decided Oct. 25, 2012.

Brett Offutt, Offutt Law Office, Harpers Ferry, WV, for Petitioners.

Christopher P. Stroech, Arnold & Bailey, Shepherdstown, WV, for Respondents.

McHUGH, Justice:

Petitioner Victoria Drumheller and three corporate entities [1] seek relief from the default judgment entered against them by the Circuit Court of Jefferson County on October 16, 2009, in connection with a breach of contract action filed by Respondents James and Diane Fillinger. Petitioners assert that they were wrongfully denied the right to have a jury determine the amount of damages they owed to Respondents in connection with the default judgment. In addition, Petitioners assert that the damage award was not supported by the evidence and that service of process was not properly effected with regard to the corporate defendants.[2] Upon our

careful review of this matter, we conclude that the trial court did not commit error in entering the subject default judgment or in holding a bench trial on the issue of damages. Accordingly, the decision of the trial court is affirmed.

## I. Factual and Procedural Background

In March 2006, Petitioner Drumheller employed James Fillinger, a general contractor, to perform various services for her such as hauling trash and materials, cleaning, and remodeling. This work was performed pursuant to an undated contract which provided, *inter alia*, that Mr. Fillinger was to receive $600.00 [3] per day; that advance agreement was required regarding the work to be performed; that inspection would occur prior to payment; that weekly bills would be issued; and that a ten percent late fee would be assessed for bills not paid in full after thirty days.

Pursuant to this agreement, Mr. Fillinger performed assundry services for Ms. Drumheller from March 2006 until March 2007. When remitting payment for this work, Ms. Drumheller used either a personal check or a business check from either D.F. Briarpatch, LLC or Engineering Construction Support, Inc. The corporate checks bore the same post office address as that printed on Ms. Drumheller's personal checks. Alleging that they had not been fully compensated for work Mr. Fillinger performed for Ms. Drumheller, Respondents filed a complaint with the circuit court on October 2, 2008. In seeking relief under theories of contract, unjust enrichment, and promissory estoppel, Respondents included a demand for a jury trial.

On November 25, 2008, Ms. Drumheller filed a *pro se* answer on behalf of herself and the three corporate defendants.[4] The record

---

1. Those corporations are D.F. Briarpatch, LLC; Engineering Construction Support, Inc.; and Lindal Cedar Homes.

2. While execution of the default judgment against the corporate defendants may prove difficult due to issues surrounding service of process, that issue is not properly before us as the corporate defendants failed to assert defective service of process below or to challenge the entry of the default judgment against them.

3. According to the contract, this rate was intended to cover the labor of one worker for a full day plus the services of Mr. Fillinger for a couple of hours each day.

4. This Court recognized in *Shenandoah Sales & Service, Inc. v. Assessor of Jefferson County*, 228 W.Va. 762, 724 S.E.2d 733 (2012), that "it is a well-settled legal principle that a corporation must be represented by a lawyer in a court of record." *Id.* at 766, 724 S.E.2d at 737.

indicates that Respondents sent written discovery requests to the Petitioners on or around April 6, 2009. Petitioners never responded to those discovery requests. By letter dated August 25, 2009, Respondents sought to schedule the deposition of Ms. Drumheller. That discovery request was similarly ignored. A pretrial conference was scheduled for September 16, 2009, at 11:00 a.m. While Respondents appeared by counsel for the pretrial conference, Petitioners failed to appear by counsel or in person.[5] Given the non-appearance of Petitioners at the pretrial conference and their failure to participate in discovery, Respondents orally moved the trial court for a default judgment.

By order entered on October 16, 2009, the trial court granted a default judgment against Petitioners. Because the damages at issue were not for a sum certain, the circuit court set a hearing for November 23, 2009, which was later rescheduled to January 5, 2010. Respondents and Petitioners, who were represented by counsel at this point,[6] presented evidence at the damages hearing. Following the hearing, but before the entry of the final judgment order, Petitioners' counsel filed a motion to vacate the default judgment or, alternatively, to reduce the damages sought. This motion was filed solely on behalf of Ms. Drumheller. In its judgment order of March 22, 2011, the trial court upheld the entry of the default judgment and entered judgment for the Respondents in the amount of $49,400.[7]

Through this appeal, Petitioners seek to reverse the entry of the default judgment on grounds that the issue of damages should have been determined by a jury. Alternatively, Petitioners seek to have this Court find that the award of damages was not supported by the evidence introduced by Respondents at the January 5, 2010, hearing.[8]

5. The record indicates that the trial judge and Respondents' counsel waited an hour for Petitioners to appear.

6. See infra note 25.

7. The damage award should be $49,500 due to a mathematical error that is apparent from the final judgment order.

## II. Standard of Review

■ Our review of the trial court's ruling on Petitioners' motion to vacate the default judgment is governed by the following standard: "A motion to vacate a default judgment is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion." Syl. Pt. 3, *Intercity Realty Co. v. Gibson,* 154 W.Va. 369, 175 S.E.2d 452 (1970). With regard to the question of law concerning Petitioners' entitlement to a jury trial on the issue of damages, that matter is subject to our plenary powers of review. *See* Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.,* 194 W.Va. 138, 459 S.E.2d 415 (1995) ("Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review."). With these standards in mind, we proceed to determine whether the trial court committed error by holding a bench trial rather than a jury trial on the issue of damages.

## III. Discussion

### A. Waiver of Right to Jury Trial

Petitioners readily acknowledge that the issue before us of whether a jury trial is required following the entry of a default judgment for damages that are not for a sum certain is an issue of first impression. To support their position that a jury trial must be held where a jury demand has been made by one of the parties, Petitioners rely upon decisions reached by courts in Michigan and Florida. In considering this issue in *Wood v. Detroit Automobile Inter–Insurance Exchange,* 413 Mich. 573, 321 N.W.2d 653 (1982), the Michigan Supreme Court examined the provisions of its general court rules ("GCR") on the issue of the right to a jury trial. Under GCR 508, either party may

8. While Petitioners also sought to set aside the default judgment as to the corporate defendants on grounds of improper service of process, we decline to address this issue as it is not properly before us. *See supra* note 2.

demand a jury trial and such a demand "may not be withdrawn without the consent, expressed in writing or in court, of the parties or their attorneys." *Id.* at 658 (quoting GCR 1936, 508). Because both parties had made a proper demand for a jury in *Wood,* the Supreme Court framed the issue as "whether defendant's default [9] somehow canceled the right or was the functional equivalent of a waiver." 321 N.W.2d at 658 (footnote supplied).

While the intermediate court of appeals had ruled against the defendant's right to a jury trial in *Wood* in reliance on an earlier decision, *Asmus v. Barrett,*[10] the Michigan Supreme Court viewed the language from the earlier decision[11] as dicta due to the defendant's failure in *Asmus* to object to the trial court's denial of the jury demand. Rejecting the position that a default judgment functions as a waiver of the right to a jury trial, the Michigan Supreme Court held "that a defaulting party who has properly invoked his right to jury trial retains that right *if* a hearing is held to determine the amount of recovery." 321 N.W.2d at 659 (emphasis in original); *accord Zaiter v. Riverfront Complex, Ltd.,* 463 Mich. 544, 620 N.W.2d 646 (2001); *but cf. Haynes v. Hannah,* 2002 WL 31938329 (Mich.App.2002) (ruling that defendant's failure to appear at jury trial on liability which resulted in entry of default judgment constituted waiver of right to jury trial on damages).

In deciding whether a hearing was required in *Wood,* the Michigan Supreme Court looked to its procedural rules governing default judgments. While the applicable procedural rule, GCR 520, authorized the trial court to hold further proceedings on the issue of damages at its discretion, the rule further addressed the issue of whether that hearing should be a bench trial or a jury trial. Under the Michigan rule governing default judgments, the trial court was mandated to "accord a right of trial by jury to the parties when and as required by the constitution."[12] 321 N.W.2d at 659–60 (quoting Mich. GCR 1963, 520). Based on the inclusion of this language in the rule, the court determined in *Wood* that it "was obliged to accord defendant its properly preserved right to jury trial." *Zaiter,* 620 N.W.2d at 652 (discussing basis for ruling reached in *Wood* ).[13]

In *Curbelo v. Ullman,* 571 So.2d 443 (Fla. 1990), the Florida Supreme Court considered whether the entry of a default judgment against a defendant for failing to answer or otherwise plead to the complaint serves as a bar to the request for a jury trial made by the plaintiff. In deciding this issue, the court focused on the language of the Florida Rule of Civil Procedure that prevents a jury demand from being withdrawn "without the consent of the parties." *Id.* at 444 (citing Fla.R.Civ.P. 1.430(d)). Because the procedural rule requires an affirmative act such as a writing or an announcement in open court to waive the previously requested jury trial, the Court in *Curbelo* held that the defaulting defendant had not affirmatively renounced the jury request by its failure to answer the complaint. *Id.*

The issue of what is required to constitute an affirmative waiver of the right to a jury trial under the Florida Rules of Civil Procedure was recently examined in *Shasho v.*

---

**9.** As in this case, the default at issue resulted from the defendant's failure to comply with discovery requests and his non-appearance at a scheduled court hearing. *See Wood,* 321 N.W.2d at 655.

**10.** 30 Mich.App. 570, 186 N.W.2d 819 (1971).

**11.** Maintaining "the law on this point is clear," the Court in *Asmus* declared: "A defaulted defendant has no right to a jury trial. Either he has waived that right by failure to make a timely demand ... or he has forfeited his right to a contested trial by the acts constituting a default." *Id.* at 823 (citing 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed.) at 659).

**12.** The constitutional section provided: "The right of trial by jury shall remain, but shall be waived in all civil cases unless demanded by one of the parties in the manner prescribed by law." *Wood,* 321 N.W.2d at 657 (quoting Mich. Const. 1963, art. 1, § 14).

**13.** The Michigan Supreme Court noted in *Zaiter* that the procedural rule at issue in *Wood* (GCR 1963, 520) is now MCR 2.603(B)(3)(b) and that the language change which requires a jury trial "to the extent required by the constitution," is merely one of style. 620 N.W.2d at 652 n. 11.

*Euro Motor Sport, Inc.*, 979 So.2d 343 (Fla. Dist.Ct.App.2008). When the appellant failed to file a responsive pleading, the appellees moved for and obtained a default judgment. A non-jury trial was then held on the issue of unliquidated damages. Appellant, who did not attend the damage proceeding, argued that he never waived his right to the jury trial requested by the plaintiffs. *Id.* at 345. Affirming the ruling of *Curbelo* that a defaulting defendant is entitled to a jury trial even where the request was made by the plaintiff, the court in *Shasho* proceeded to consider whether the defendant's failure to participate in the damage proceedings constituted a waiver of the right to a jury trial. *Id.* at 345–46. The court concluded that the non-participation of a party or his counsel in proceedings does not qualify as the necessary affirmative waiver of the right to a jury trial. *Id.* at 346. Conversely, however, the participation of a party or his counsel in a non-jury trial without raising an objection does constitute a waiver of the right to a jury trial. *Id.* Because neither appellant nor his counsel had participated in the non-jury trial, the appellate court in *Shasho* found that no waiver had occurred and remanded the case for a jury trial on the issue of damages.

In *Rao v. WMA Securities, Inc.*, 310 Wis.2d 623, 752 N.W.2d 220 (2008), the appellate court squarely addressed the issue presented in the case before us: whether the entry of a default judgment as a sanction for non-compliance with discovery orders constitutes a waiver of the right to a jury trial.[14]

After observing that the manner or time in which the right to a jury trial[15] may be exercised or waived is a matter of procedure,[16] the Wisconsin Supreme Court identified the alternatives provided by its rules for such waiver. *Id.* at 225. The right is automatically waived by a party's failure to timely demand a jury trial or a party's failure to timely pay the jury fee.[17] *Id.* The Wisconsin rules further provide that the parties may give up the right to a jury trial by means of an oral or written stipulation. *Id.* Because the defendant in *Rao* had not intentionally relinquished his right to a jury trial, the court examined at length whether the entry of a default judgment for discovery violations fell within the permissible ambit of the trial court's authority to control the manner in which a jury trial is waived.[18] *Id.* at 226–30.

Examining its procedural rule governing default judgments, the court in *Rao* recognized that "[i]f proof of any fact is necessary for the court to give [default] judgment, the court shall receive the proof." 752 N.W.2d at 227–28 (quoting Wis. Stat. § (Rule) court rules, 806.02). The discretion imposed under the Wisconsin rule to resolve both factual and procedural issues necessarily implies that the trial court has the authority to consider and rule on the issue of damages.[19] 752 N.W.2d at 229–30. To conclude otherwise, the court reasoned, would be at odds with the generalized grant of discretion imposed under the rule. "[B]y engaging in conduct that results in a default judgment," the provisions of the default judgment rule

---

14. While the defendant in *Rao* had neither requested a jury trial nor complied with a jury fee payment requirement, a co-defendant, who was later dismissed from the case, had made the request and paid the requisite fee. Because the issue had not been raised, the Wisconsin court simply assumed, without deciding, that the co-defendant's jury demand was attributable to the defendant. 752 N.W.2d at 224.

15. The Wisconsin Constitution provides, in pertinent part: "The right of trial by jury shall remain inviolate, and shall extend to all cases at law without regard to the amount in controversy; but a jury trial may be waived by the parties in all cases in the manner prescribed by law." Wis. Const. art. I, § 5.

16. The Court noted in *Rao* "that a court-promulgated rule of pleading, practice, or procedure may prescribe the manner in which the state

constitutional right to trial by jury is waived." 752 N.W.2d at 228 n. 25.

17. As the court recognized in *Rao*, the form of "waiver" that results from lack of a demand or timely payment under its rules is more akin to forfeiture than the traditional notion of waiver which tends to involve an "intentional relinquishment of a known right." 752 N.W.2d at 226 (citation omitted).

18. *See supra* note 16.

19. The court in *Rao* likened this discretion to that imposed in trial courts for sanctioning a disobedient party for misconduct. 752 N.W.2d at 230.

were invoked. As a result, the appellate court concluded that the *Rao* defendant had waived its right to a jury trial by virtue of the actions which led to the entry of the default judgment. 752 N.W.2d at 230. As further support for its decision, the court observed that federal courts applying the federal rules of civil procedure[20] are in agreement that "a defendant's default extinguishes the Seventh Amendment right to a jury trial on the question of damages." *Id.* at 233.[21]

■ Having discussed the extra-jurisdictional cases relied upon by Petitioners, we now consider the laws of this state to identify the circumstances under which the right to a jury trial may be waived. Our constitution provides that "[i]n suits at common law, where the value in controversy exceeds twenty dollars exclusive of interest and costs, the right of trial by jury, if required by either party, shall be preserved." W.Va. Const. art. III, § 13; *see also* W.Va.Civ.Pro.R.38(a) ("The right of trial by jury as declared by the Constitution or statutes of the State shall be preserved to the parties inviolate."). While Petitioners did not request a trial by jury in this case, the right to a jury trial was invoked by Respondents and extended, by operation of law, to Petitioners under the constitution. *See* W.Va. Const. art. III, § 13.

Under this Court's rule making authority,[22] we have two different procedural rules that address the manner in which a jury trial may be demanded and also how that right may be waived. Rule 38 of our rules of civil procedure provides that any party may make a jury demand "of any issue triable of right by a jury" concurrent with the filing of its pleadings. W.Va.Civ.Pro.R.38(b). While the failure of a party to make a jury demand constitutes a waiver of such right under Rule 38(d), this waiver is expressly made subject to the trial court's ongoing right to "order a trial by a jury of any or all issues" "at any time." W.Va.Civ.Pro.R.39(b). Once a jury demand is made, however, that demand "may not be withdrawn without the consent of the parties." W.Va.Civ.Pro.R.38(d). The rules provide that the parties may stipulate in open court or submit a written document to evidence their joint consent to withdraw a jury demand. W.Va.Civ.Pro.R.39(a). In the event that a jury trial is not authorized under either the constitution or state law, the trial court has the right to recognize this lack of authority either by motion or *sua sponte. Id.*

■ Because the parties did not jointly consent to a withdrawal of the jury demand made by Respondents and because the trial court did not find that a jury trial was not provided by law, Petitioners contend that the Respondents' jury demand remained in effect. Essentially, what Petitioners argue is that the trial court cannot look outside the provisions of Rules 38 and 39 with regard to when a jury trial demand may be waived, withdrawn, or extinguished as a result of the imposition of a sanction such as a default judgment. We disagree. In this case a default judgment was entered by the trial court for Petitioners' failure to comply with discovery requests and to appear for a pretrial conference. As we recognized in syllabus point four of *State ex rel. Richmond v. Sanders*, 226 W.Va. 103, 697 S.E.2d 139 (2010), "[t]he inherent power of courts to sanction

---

**20.** The court noted that its rules governing default judgments and sanctions for discovery violations mirrored the provisions of the federal rules. 752 N.W.2d at 232.

**21.** The treatise authorities on matters of federal civil procedure agree that the trial court has discretion to resolve the award of damages in default judgment cases. *"See* 10 James Wm. Moore et al., *Moore's Federal Practice* § 55.32 [2] [e], at 55–50 (3d ed.2007) ('[T]he defaulting party is entitled to contest damages and participate in a hearing on damages, if one is held, but has no right to a jury trial, either under the federal rules or under the Constitution. The defaulting party waives normal rights to a jury trial by its default.') (footnote omitted); 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2688 at 69 (3d ed.1998) (although 'the court may order a jury trial as to damages in a default situation if it seems to be the best means of assessing damages ... neither side has a right to demand a jury trial on damages.') (footnotes omitted)." *Rao*, 752 N.W.2d at 233 n. 45.

**22.** *See* W.Va. Const. art. VIII, § 3 (providing that supreme court "shall have power to promulgate rules for all cases and proceedings, civil and criminal, for all of the courts of the State relating to writs, warrants, process, practice and procedure, which shall have the force and effect of law").

misconduct includes the authority to enter default judgment orders in appropriate circumstances." *See also* Syl. Pt. 1, *Bell v. Inland Mut. Insur. Co.*, 175 W.Va. 165, 332 S.E.2d 127 (1985) (holding that "[t]he imposition of sanctions by a circuit court under *W. Va. R. Civ. P.* 37(b) for the failure of a party to obey the court's order to provide or permit discovery is within the sound discretion of the court and will not be disturbed upon appeal unless there has been an abuse of that discretion").

■ Rule 55, our rule of civil procedure that addresses judgment by default, provides:

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account *or to determine the amount of damages* or to establish the truth of any averment by evidence or to make an investigation of any other matter, *the court may conduct such hearings or order such references as it deems necessary.*

W.Va.R.Civ.P. 55(b)(2) (emphasis supplied). This language makes clear that West Virginia trial courts are imposed with the authority to resolve the issue of damages in connection with the entry of a default judgment.[23]

Pursuant to this well-accepted and previously unchallenged authority, the trial courts in this state have routinely handled the issue of damages in default judgment cases. *See, e.g.*, Syl. Pt. 6, in part, *Cales v. Wills*, 212 W.Va. 232, 569 S.E.2d 479 (2002) (holding that "[w]hen unliquidated damages are involved, a plaintiff must utilize the procedure under Rule 55(b)(2) of the West Virginia

Rules of Civil Procedure for obtaining default damages against a defaulting party"); *Farm Family Mut. Insur. v. Thorn Lumber*, 202 W.Va. 69, 501 S.E.2d 786 (1998) (remanding default judgment to trial court for evidentiary hearing on damages); *see also* Syllabus *Farley v. Economy Garage*, 170 W.Va. 425, 294 S.E.2d 279 (1982) (requiring hearing to determine unliquidated damages for entry of default judgment).[24]

■ Having recognized the clear authority of trial courts to determine damages in a default judgment proceeding under Rule 55(b)(2), we find it necessary to further address the manner in which Petitioner first raised the issue of being denied a jury trial on the issue of damages. The record reflects that Petitioners were represented by counsel at the damages hearing[25] and that no objection was made by Petitioners' counsel as to the bench trial nature of the proceeding. Until the filing of this appeal, Petitioners had never challenged the lack of a jury trial on the issue of damages. Barring any statutory exception,[26] the participation of a party or his counsel in a non-jury trial without raising an objection constitutes a waiver of the right to a jury trial. *See Stephenson v. Ashburn*, 137 W.Va. 141, 144, 70 S.E.2d 585, 587 (1952) (recognizing principle that waiver of jury trial need not be expressly stated but may appear from parties' conduct). By participating in the proceeding without raising an objection to the lack of a jury, Petitioners clearly waived any right they may have had to object to the trial court's decision to resolve the issue of damages without the use of a jury. *See id.*

---

**23.** Because the proceeding is subject to the discretion of the trial court, it would be within the trial court's authority to empanel a jury for the purpose of determining damages should the court deem it necessary. *See* W.Va.Civ.Pro.R. 55(b)(2).

**24.** In *Farley*, this Court recognized the "substantial similarity between our Rule 55(b)(2) and the federal counterpart." 170 W.Va. at 427, 294 S.E.2d at 281; *see also Coury v. Tsapis*, 172 W.Va. 103, 106, 304 S.E.2d 7, 10 (1983) (discussing effect of federal rule's distinction between default and default judgment for appeal purposes and observing that state rule makes no such distinction).

**25.** · Petitioners' former counsel, Michael Snyder, represented to the trial court at the damage hearing that he was there on behalf of Ms. Drumheller, D.F. Briarpatch, and Engineering Construction Support. He indicated that he had no authority to represent Lindal Cedar Homes. Petitioners' current counsel, Mr. Offutt, represented during the oral argument of this case that he represented all three of the corporate entities that were named as defendants.

**26.** *See, e.g.*, W.Va.Code § 56–6–11 (2012); Syl. Pt. 1, *Hickman v. Baltimore & O.R. Co.*, 30 W.Va. 296, 4 S.E. 654 (1887), *overruled on other grounds as stated in Richmond v. Henderson*, 48 W.Va. 389, 37 S.E. 653 (1900).

## B. Sufficiency of the Evidence

Petitioners contend that the evidence introduced by Respondents at the damage hearing in support of their claim was insufficient as a matter of law. At the hearing, Respondents, through the testimony of Mrs. Fillinger, the bookkeeper for Fillinger's Contracting, introduced three alternate damage calculations. The highest figure was $67,297.29, the middle figure was $64,489.20, and the lowest figure was $60,871.60. In explanation of the varying figures, Respondents elucidated that the highest figure reflected the total amount that remained owing based on the invoices which were sent to Petitioners. The middle figure represented an alternate calculation that Respondents' counsel requested which is based on the contractual daily rate of $600 plus $100 for an extra man. The lowest figure was an alternate calculation which omitted the $100 daily charge for an extra man.

The Court commented during the hearing: "We are in a case of an unusually messy nature because of the vagueness of the type of invoices and the distance of memory and testimony that supports them, so all of that is a challenging thing . . . ." To account for the issues of poor record-keeping, work that exceeded the scope of the contract, and some unsatisfactory work, the trial court started with the lowest of the three damage figures offered by Respondents—$60,871.60—and then reduced that figure to $45,000. To that amount, the trial court permitted the contractual late fee of ten percent to be added for a total award of $49,400.00.[27]

▮ Like the trial court, we find the evidence introduced by the Respondents at the damages hearing to be less than ideal. Given that the trial court discounted by more than $20,000 the amount of the unpaid invoices that Respondents sought payment for and given that Petitioners offered no countervailing physical evidence to dispute the amount of the outstanding invoices, we are without any firm basis to conclude that the evidence relied upon by the trial court was insufficient as a matter of law.

Based on the foregoing, the decision of the Circuit Court of Jefferson County is affirmed.

Affirmed.

Justice DAVIS concurs and will write a separate and concurring opinion.

DAVIS, J., concurring:

The dispositive issue in this case was whether the defendants waived their right to a jury trial on damages, after defaulting on liability, by participating in a bench trial on damages without objection. The resolution of this simple issue is governed by our long-standing rule of law that " '[t]he waiver [of jury trial] need not be in express words; but if it appears from the record that such waiver was intended by conduct of the parties it is sufficient.' " *Stephenson v. Ashburn*, 137 W.Va. 141, 144, 70 S.E.2d 585, 587 (1952) (quoting *Salzer v. Schwartz*, 88 W.Va. 569, 571, 107 S.E. 298, 299 (1921)).[1] In this case, the defendants' conduct waived the right to trial by jury on the issue of damages. The majority opinion found that waiver occurred in this case. I have chosen to write separately because I disagree with some dicta set forth in the majority opinion.

The majority opinion strongly suggests that the law in this State allows a trial court discretion to deny a party the right to a jury trial on damages when that right has been properly invoked and not waived. In foot-

27. See *supra* note 7 (recognizing $100 mathematical error).

1. This Court consistently has held that "silence may operate as a waiver of objections to error and irregularities[.]" *State v. Grimmer*, 162 W.Va. 588, 595, 251 S.E.2d 780, 785 (1979), *overruled on other grounds by State v. Petry*, 166 W.Va. 153, 273 S.E.2d 346 (1980). This "raise or waive rule" is designed "to prevent a party from obtaining an unfair advantage by failing to give [a] court an opportunity to rule on the objection and thereby correct potential error." *Wimer v. Hinkle*, 180 W.Va. 660, 663, 379 S.E.2d 383, 386 (1989). The "raise or waive rule" also "prevents a party from making a tactical decision to refrain from objecting and, subsequently, should the case turn sour, assigning error (or even worse, planting an error and nurturing the seed as a guarantee against a bad result)." *State v. LaRock*, 196 W.Va. 294, 316, 470 S.E.2d 613, 635 (1996).

note 23 of the majority opinion, the following dicta appears:

> Because the proceeding is subject to the discretion of the trial court, it would be within the trial court's authority to empanel a jury for the purpose of determining damages should the court deem it necessary. *See* W. Va. Civ. Pro. R. 55(b)(2).

This Court has made clear that "language in a footnote generally should be considered obiter dicta which, by definition, is language unnecessary to the decision in the case and therefore not precedential." *State ex rel. Medical Assurance of West Virginia v. Recht*, 213 W.Va. 457, 471, 583 S.E.2d 80, 94 (2003). I believe that the bench and bar should not rely on footnote 23 as support for the extinguishment of the constitutional right to trial by jury on the issue of damages when the same has not been properly waived.

The right to a jury trial on the issue of unliquidated damages, when there has been a default on liability, was recognized over one hundred years ago by this Court in the case of *Hickman v. Baltimore & O.R. Co.*, 30 W.Va. 296, 4 S.E. 654 (1887), *overruled on other grounds by Richmond v. Henderson*, 48 W.Va. 389, 37 S.E. 653 (1900). This Court held in Syllabus point 1 of *Hickman* that

> there can be no final judgment by default in any action at law sounding in damages, in the absence of a writ of inquiry,[2] either in the Circuit Court or before a justice, when the value in controversy or the damages claimed exceeds $20, and *the right of either party, if he demands it, to have such writ executed by a jury, is guaranteed by our Constitution.*

30 W.Va. 296, 4 S.E. 654. (footnote and emphasis added). *See Given v. Field*, 199 W.Va. 394, 484 S.E.2d 647 (1997) (default judgment on liability and jury trial on damages); *White v. Berryman*, 187 W.Va. 323,

418 S.E.2d 917 (1992) (same); *Midkiff v. Kenney*, 180 W.Va. 55, 375 S.E.2d 419 (1988) (same); *Bell v. Inland Mut. Ins. Co.*, 175 W.Va. 165, 332 S.E.2d 127 (1985) (same); *Barker v. Benefit Trust Life Ins. Co.*, 174 W.Va. 187, 189, 324 S.E.2d 148, 150 (1984) (same); *McDaniel v. Romano*, 155 W.Va. 875, 190 S.E.2d 8 (1972) (same); *Bennett v. General Accident Fire & Life Assurance Corp., Ltd.*, 149 W.Va. 92, 138 S.E.2d 719 (1964) (same); *Gainer v. Smith*, 101 W.Va. 314, 132 S.E. 744 (1926) (same); *State ex rel. Anderson v. O'Brien*, 96 W.Va. 353, 122 S.E. 919 (1924) (same).

Although *Hickman* was decided before we adopted the Rules of Civil Procedure, the constitutional right to a jury trial has been in existence since the founding of the State. The right to trial by jury in civil cases is set out in Article III, section 13 of the West Virginia Constitution, which provides: "In suits at common law, where the value in controversy exceeds twenty dollars exclusive of interest and costs, the right of trial by jury, if required by either party, shall be preserved...." The majority opinion wrongly has implied in footnote 23 that this Court's constitutional authority to promulgate a procedural rule addressing default judgment, Rule 55(b)(2), gave the Court the authority to nullify the express right to jury trial guaranteed by this State's Constitution. This Court does not have the right to deny citizens the constitutionally granted right to jury trial merely because a defendant has defaulted on the issue of liability. We stressed in *Barlow v. Daniels*, 25 W.Va. 512 (1885), *overruled on other grounds by Richmond v. Henderson*, 48 W.Va. 389, 37 S.E. 653 (1900), that the right to a jury trial is not determined by the form of the proceeding:

> This is a positive guarantee, an imperative command, that in all cases at common

---

**2.** The common law term "writ of inquiry" that was used to describe the damages proceeding after default as to liability is still used in modern litigation. *See Tudor's Biscuit World of America v. Critchley*, 229 W.Va. 396, 101 n. 7, 729 S.E.2d 231, 237 n. 7 (2012) ("One of the six assignments—alleging that the circuit court erred by granting default judgment where Tudor's had no notice of the motion for default judgment or the writ of inquiry—was not briefed before this Court or below."); *Evans v. Holt*, 193 W.Va. 578, 582

n. 7, 457 S.E.2d 515, 519 n. 7 (1995) ("It is undisputed that at the time of the default judgment and the writ of inquiry, the Appellant had not appeared, either by filing an answer or other responsive pleading, or by making an appearance in court."); *White v. Berryman*, 187 W.Va. 323, 327, 418 S.E.2d 917, 921 (1992) ("The writ of inquiry was tried to a jury on August 23, 1990. No one representing the appellants was present, and the jury returned a $500,000 verdict for the plaintiff.").

law, ... where the value in controversy is over $20, the trial by jury shall be preserved, and that in no such case can any party, if he requires it, be deprived, of the right of such trial.... This sacred and absolute right cannot be taken away or impaired ... by the form of the proceeding.... It is the right, and not the proceeding, that is guaranteed by the constitution.... The right protected is entirely distinct from the form of the proceeding in which it is asserted.

*Barlow*, 25 W.Va. at 518–19.

Moreover, this Court addressed the general requirement for a determination of damages under Rule 55(b)(2) after a default judgment as to liability in *Farley v. Economy Garage*, 170 W.Va. 425, 294 S.E.2d 279 (1982). In *Farley*, we observed that

Lugar & Silverstein also note that this provision of Rule 55(b)(2) is compatible with our prior practice embodied in W. Va.Code, 56–6–11, which in pertinent part provides:

"The court, in an action at law, if neither party require a jury, or if the defendant has failed to appear and the plaintiff does not require a jury, shall ascertain the amount the plaintiff is entitled to recover in the action, if any, and render judgment accordingly."

*Farley*, 170 W.Va. at 427, 294 S.E.2d at 280. Clearly, *Farley* implicitly acknowledged that the right to a jury trial on damages was not changed by the adoption of Rule 55(b)(2).

Although I agree with the majority that this case should be affirmed, I disagree with the implication of footnote 23 that Rule 55(b)(2) extinguished the fundamental constitutional right to trial by jury on damages. This is a right that only the citizens of our State can extinguish through a constitutional amendment.[3]

3. There are obvious, undesirable, litigation strategies that could result from the implication of footnote 23 of the majority opinion. For example, good defense attorneys might evaluate complaints on the basis of advising a defendant to allow default judgment on liability so as to avoid

In view of the foregoing, I respectfully concur.

allowing a jury to decide compensatory and punitive damages. Other post-answer filing tactics also could be employed to cause a default judgment on liability to occur as a sanction in order to avoid a jury determination of compensatory and punitive damages.