**FILED**
**November 17, 2023**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Lisa G. Lilly,**
**Defendant Below, Petitioner**

**vs.)  No. 22-553** (Harrison County 22-C-AP-2-3)

**The Huntington National Bank,**
**Plaintiff Below, Respondent**

## MEMORANDUM DECISION

Petitioner Lisa G. Lilly appeals two orders of the Circuit Court of Harrison County related to her appeal of a magistrate court order.[1] The first, entered March 17, 2022, is an interlocutory order finding petitioner's request for a jury trial in magistrate court untimely and setting the appeal for a de novo bench trial. The second, entered June 1, 2022, is the final order of the circuit court based on its de novo bench trial, granting possession of real property to Respondent Huntington National Bank and ordering petitioner to vacate the property. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

Respondent filed a civil complaint for unlawful detainer in the Magistrate Court of Harrison County, West Virginia against petitioner and her husband Christopher Brent Lilly, deceased, seeking possession of real property that respondent purchased through a trustee foreclosure sale.[2] The parties have a lengthy history related to the foreclosure on this real property, which is petitioner's long-time home.[3] Petitioner, initially self-represented, timely filed her answer in December 2021. She subsequently obtained counsel. In addition, the magistrate court record includes an "(Optional) Notice of Election" form requesting a jury trial ("notice of election")

---

[1] Petitioner appears by counsel Jeffrey V. Mehalic. Respondent appears by counsel Jason E. Manning and David M. Asbury.

[2] Although identified as a party in the magistrate court proceeding, it is undisputed that Mr. Lilly died prior to the institution of the proceeding.

[3] Issues related to the underlying foreclosure were before this Court and decided in *Christopher Brent Lilly and Lisa G. Lilly v. The Huntington National Bank*, No. 19-1134, 2021 WL 2023514 (May 20, 2021)(memorandum decision).

signed by petitioner with a handwritten date of December 7, 2021. However, it is date-stamped February 2, 2022, at 3:06 p.m., after the magistrate court conducted a bench trial. On January 26, 2022, the magistrate court conducted a bench trial and, on that same day, granted judgment to respondent. Petitioner timely appealed to the circuit court.

Soon after the notice of appeal was filed in circuit court, petitioner's counsel filed a motion to withdraw, which was granted.[4] The following day, the circuit court held a previously scheduled hearing pursuant to West Virginia Code § 50-5-12(c)(5)[5] to address the issue of the timeliness of petitioner's request for a jury trial in the underlying matter. At that hearing, petitioner appeared on her own behalf. She testified that she filed the notice of election contemporaneously with her answer in magistrate court, but that only the first page of the answer was date-stamped. Petitioner presented an affidavit from her mother, who testified consistently with that affidavit at the hearing, stating she accompanied petitioner to magistrate court to file documents, including the notice of election, on December 7, 2021.[6] A deputy magistrate clerk in the Harrison County Magistrate Clerk's office also testified. In relevant part, she stated that petitioner provided the notice of election form for the first time when she filed her notice of appeal and that this was unusual. The deputy clerk testified that she reviewed the entire file on her computer and the form was not previously scanned in the computer or scanned in with petitioner's answer. Documentary evidence was also considered, including the notice of election and a notice of mediation in another case involving petitioner, both date-stamped February 2, 2022, at 3:06 p.m.

After considering the conflicting testimony and documentary evidence, the circuit court entered an order on March 17, 2022, finding that petitioner did not submit the notice of election to the magistrate court until February 2, 2022, and it was therefore untimely and void. The circuit court noted that it gave "great significance" to the relevant documents in the magistrate and circuit

---

[4] By agreement, the representation of petitioner's counsel was limited to the magistrate court proceeding.

[5] West Virginia Code § 50-5-12(c)(5) provides as follows:

If the circuit court finds that a record for appeal is deficient as to matters which might be affected by evidence not considered or inadequately developed, the court may proceed to take such evidence and make independent findings of fact to the extent that questions of fact and law may merge in determining whether the evidence was such, as a matter of law, as to require a particular finding. If the party appealing the judgment is also a party who elected to try the action before a jury in the magistrate court, and if the circuit court finds that the proceedings below were subject to error to the extent that the party was effectively denied a jury trial, the circuit court may, upon motion of the party, empanel a jury to reexamine the issues of fact, or some part or portions thereof.

[6] Only the first page of the documents was date-stamped. Both petitioner and her mother contend the document was incorrectly stamped as filed December 8, 2021, instead of December 7, 2021. Under either date, the answer was timely filed.

court files, dated February 2022.[7] Citing to the periods of time within which an election of a jury trial must be made under Rule 6A of the Rules of Civil Procedure for the Magistrate Courts of West Virginia[8] and West Virginia Code § 50-5-8,[9] it concluded that petitioner did not make a timely election for a jury trial. Further, the circuit court found that petitioner's participation in the magistrate court bench trial with the assistance of counsel effectively waived any right to a jury trial, had one been timely requested. Consequently, the circuit court concluded that the petitioner was not entitled to a jury trial on appeal.

Thereafter, the circuit court conducted a de novo bench trial. Petitioner was self-represented. Documentary evidence, including a certified copy of the foreclosure deed, was admitted without objection and testimony was heard. Over respondent's objection to its relevance based on prior rulings, petitioner testified that she believes the foreclosure is illegal. Petitioner also referenced a lawsuit against her former counsel related to the foreclosure. The circuit court advised her that the property had been foreclosed on and conducted its own examination regarding the last time she made a payment on the mortgage. Petitioner could not recall. The court noted that there was no challenge made to the sale and the issue before it was whether the respondent had demonstrated legal title. The circuit court ultimately concluded that respondent had legal title to the subject real property, and it granted respondent possession of that property in its June 1, 2022, order. That order has been stayed by agreed order pending this appeal.

Petitioner appeals both the March 17, 2022, order and the June 1, 2022, order. Petitioner's first assignment of error is that the circuit court erred in holding that she did not timely file, or waived, her request for a jury trial in magistrate court, which resulted in a denial of a jury trial in her appeal from the magistrate court.[10] In her second assignment of error, she seeks to vacate the

---

[7] While the order states that the documentation was all dated February 2, 2022, and the credit card receipt referenced appears to be for February 1, 2022, this clerical error as the date of payment, off by one day, is harmless as the notice of election would have been untimely whether filed on February 1, 2022, or February 2, 2022.

[8] Rule 6A of the Rules of Civil Procedure for the Magistrate Courts of West Virginia, which provides, in relevant part, that any jury trial selection must be made "not later than (1) 20 days after the service of any first timely filed answer to the complaint, or (2) 5 days after the service of the summons and complaint in cases involving expedited proceedings such as actions for unlawful entry or detainer and wrongful occupation" and that "[f]ailure to elect within the relevant time limit constitutes a waiver of the right to trial by jury."

[9] West Virginia Code § 50-5-8(a) provides, in relevant part, that a party in a magistrate court proceeding "has the right to elect that the matter be tried with a jury [and that] [t]he election must be made in writing at any time after the commencement of the action and not later than twenty days after the service of any first timely filed answer to the complaint" and that "[f]ailure to elect within such time constitutes a waiver of the right to trial by jury."

[10] West Virginia Code § 50-5-12(b) provides, in relevant part, "[i]n the case of an appeal of a civil action tried before the magistrate without a jury, the hearing on the appeal before the circuit court shall be a trial de novo, triable to the court, without a jury."

3

circuit court's June 1, 2022, order because it was based on a bench trial and not a jury trial.[11] "In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. Pt. 1, *Public Citizen, Inc. v. First National Bank in Fairmont*, 198 W. Va. 329, 480 S.E.2d 538 (1996); *see also* Syl. Pt. 4, *Burgess v. Porterfield*, 196 W. Va. 178, 469 S.E.2d 114 (1996)("This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*.").

Petitioner argues that she presented sufficient evidence that she timely filed her notice of election contemporaneously with her answer in magistrate court. She contends there was conflicting testimony and what she terms "ambiguous" evidence on this issue and so the circuit court erred. Determining the credibility of witnesses and weight of evidence is "the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E. 2d 163, 175 n.9 (1995). Rule 52(a) of the West Virginia Rules of Civil Procedure also provides, in relevant part, that, when a court sits without a jury, "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." In this case the circuit court considered testimony from witnesses and documentary evidence on the issue of when petitioner filed her notice of election and whether she waived her right to a jury trial in magistrate court. It weighed conflicting testimony and gave significant weight to the relevant, date-stamped documents found in the magistrate and circuit court files. Based on our review of the record on appeal in its entirety, we cannot say that the circuit court's finding that the notice of election was filed by petitioner on February 2, 2022, was definitively a mistake or implausible. *See* Syl. Pt. 1, in part, *In the Interest of Tiffany Marie S.*, 196 W. Va. 223, 470 S.E.2d 177 (1996) ("A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.

---

[11] Petitioner also briefly states that the circuit court separately erred in barring her from addressing purported issues related to the underlying loans and respondent's associated actions based on the doctrines of res judicata and the law of the case during this unlawful detainer action. However, petitioner does not present argument on this issue, instead stating that the June 1, 2022, order should first be vacated based on the threshold jury trial issue. To the extent that she is nevertheless claiming error related to a refusal to consider or accept evidence regarding purported issues related to the underlying loans, we have stated repeatedly that "a skeletal argument, really nothing more than an assertion, does not preserve a claim." *State v. Benny W.*, 242 W. Va. 618, 633, 837 S.E.2d 679, 694 (2019) (internal citations omitted); *see also State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996) ("Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal.") (internal citation omitted). Having failed to develop any argument regarding alleged trial errors, we accordingly decline to consider the assertion here.

However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety."). Accordingly, we find no clear error in the circuit court's conclusion that petitioner did not file her notice of election until February 2, 2022. We further agree with the conclusion of the circuit court that this constitutes an untimely request under West Virginia Code § 50-5-8 and Rule 6A of the Rules of Civil Procedure for the Magistrate Courts of West Virginia. Because we find no error in the conclusion of the circuit court that the request for a jury trial was untimely made, we need not reach the issue of whether petitioner waived her right to a jury trial by participating in a bench trial in magistrate court based on Syllabus Point 3 of *Drumheller v. Fillinger*, 230 W. Va. 26, 736 S.E.2d 26 (2012). Petitioner also argues that because she showed diligence as a self-represented litigant in these proceedings, she should not lose substantial rights, such as the right to a jury trial, as a result of mistakes she may have made. However, petitioner admits in her statement of the case that the summons she received in magistrate court set forth the time limits for electing a jury trial. It is well-settled that self-represented litigants bear the responsibility for, and must accept the consequences of, their mistakes and errors. *See West Virginia Dep't of Health and Human Res. Emp. Fed. Credit Union v. Tennant*, 215 W. Va. 387, 393-94, 599 S.E.2d 810, 816-17 (2004) (finding that a self-represented litigant effectively waived her right to jury trial by failing to participate in a scheduling conference and failing to express a desire for a jury trial at a pretrial conference and during the bench trial in circuit court). Further, petitioner was represented for a time, including through the magistrate court bench trial, by counsel. Therefore, we find no error in the circuit court's conclusion that petitioner's request for a jury trial was untimely based purely on her status as a self-represented party and find that the March 17, 2022, order did not constitute an abuse of discretion.

For the same reasons, petitioner's second assignment of error, that the June 1, 2022, order must be vacated based on the threshold issue that it was the result of a bench trial rather than a jury trial, fails. Accordingly, we conclude that the circuit court's June 1, 2022, order directing petitioner to vacate the property did not constitute an abuse of discretion.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 17, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn